# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| THOMAS E. BIBBS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARILYN JACKSON, and FEDRICK ) <br> MARSHAL, d/b/a BUILDING ) <br> MANAGEMENT COMPANY, COMMUNITY ) <br> BUILDING GROUP, and SUNLIGHT ) <br> INVESTORS, ) <br> ) <br> Defendants. ) | Case No. 21-cv-00327-SRB |

## **ORDER**

In an Order dated May 14, 2021, the Court denied without prejudice Plaintiff Thomas E. Bibbs's ("Plaintiff") *pro se* motion for leave to proceed in forma pauperis. (Doc. #3.) The Order explained in part that (1) Plaintiff failed to state a claim under 42 U.S.C. § 1983, the Fourteenth Amendment, or the Supremacy Clause; (2) absent a federal claim, the Court lacked diversity jurisdiction because Plaintiff alleged that all parties are citizens of Missouri; and (3) "the Complaint alleges that Plaintiff was wrongfully evicted and that his property was wrongfully destroyed, but does not contain any facts or other allegations to support these conclusions." (Doc. #3, pp. 2-3.) The Order directed Plaintiff to file an amended complaint that addressed these pleading deficiencies by June 7, 2021.

On June 2, 2021, Plaintiff filed an "Amendment to Civil Complaint Consistent With Order of the Court," along with exhibits. (Doc. #4.) Plaintiff states in part that "Respondents Marilyn Jackson and Fedrick O. Marshall, jointly and severally, have engaged in a course of conduct resulting in the loss of personal property, from January 2019 to present." (Doc. #4,

p. 1.)  Plaintiff states that the property at issue has "never been deeded or titled in the name of either Respondent," which can be "proven just by reviewing the applicable statutes, and has been admitted . . . by Respondent Fedrick O. Marshall, along with the attached copy of the true and correct title/deed of the property."  (Doc. #4, p. 1.)  Plaintiff also states that "Marshall employed the named corporations in his efforts to deprive me of my property without constructive due process service of notice, making them proper parties to suit."  (Doc. #4, p. 1.)  Plaintiff does not provide any additional allegations in support of these assertions.

Upon review, the Court finds that Plaintiff's amendment does not cure the pleading deficiencies identified in the Court's Order of May 14, 2021.  First, Plaintiff has failed to adequately plead that this Court has either federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  This Court can only hear very specific types of cases and Missouri state courts typically hear cases related to property.  This Order does not relate to the merits of Plaintiff's suit, but rather merely holds that the Plaintiff has not demonstrated that federal court is the location for the suit.  Second, even if the Court had jurisdiction, Plaintiff has failed to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For these reasons, and for the reasons stated in the May 14, 2021 Order, it is hereby ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: <u>June 3, 2021</u>

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

2

Case 4:21-cv-00327-SRB   Document 5   Filed 06/03/21   Page 2 of 2